IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**PAUL GARRETT, Individually and on**     **PLAINTIFF**
**Behalf of all Others Similarly Situated**

vs.        No. 3:22-cv-1853

**RON'S TOWING, INC.**        **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Paul Garrett ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Defendant Ron's Towing, Inc. ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay sufficient wages and proper overtime compensation under the FLSA.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Northern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant conducts business within the State of Texas.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

7. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Dallas Division of the Northern District of Texas. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff is an individual and resident of Dallas County.

9. Defendant is domestic, for-profit corporation.

10. Defendant's registered agent for service of process is Sherri L. Moody at 6809 Maple Avenue, Dallas, Texas 75235.

11. Defendant, in the course of business, maintains a website at https://ronstowing.com/.

## IV. FACTUAL ALLEGATIONS

12. Defendant's primary business involves light-duty and heavy-duty towing service.

13. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce

or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles and fuel.

14. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

15. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

16. Specifically, Defendant employed Plaintiff on and off as a Tow Truck Operator from approximately October of 2009 until June of 2022. Plaintiff was usually employed from December until June of each year. The last employment period lasted from November of 2021 until June of 2022.

17. Within the time period relevant to this case, Defendant also employed other Tow Truck Operators.

18. At all relevant times herein, Defendant directly hired Plaintiff and other Tow Truck Operators to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

19. As a Tow Truck Operator, Plaintiff was primarily responsible for operating a tow truck.

20. Other Tow Truck Operators had the same or similar job duties as Plaintiff.

21. At all times material herein, Plaintiff and other Tow Truck Operators have been entitled to the rights, protection and benefits provided under the FLSA.

22. In performing their services for Defendant, Plaintiff and other Tow Truck Operators were not required to utilize any professional education relevant to their job duties.

23. Plaintiff and other Tow Truck Operators were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery, and not in an office.

24. During the course of their employment, Plaintiff and other Tow Truck Operators did not manage the enterprise or a customarily recognized subdivision of the enterprise.

25. Plaintiff and other Tow Truck Operators did not select any employees for hire or fire, nor did they provide any training for any employee.

26. Plaintiff and other Tow Truck Operators did not have any control of or authority over any employee's rate of pay or working hours.

27. Plaintiff and other Tow Truck Operators did not maintain or prepare production reports or sales records for use in supervision or control of the business.

28. Similarly, Plaintiff and other Tow Truck Operators did not have any responsibility for planning or controlling budgets.

29. The duties of Plaintiff and other Tow Truck Operators were rote and routine, and they sought input from supervisors when their duties were not rote or routine.

30. In carrying out their duties, Plaintiff and other Tow Truck Operators followed the processes put in place by Defendant and others.

31. In the course of his duties, Plaintiff did not leave the state of Texas.

32. Upon information and belief, other Tow Truck Operators also performed their duties within the state of Texas and did not enter other states.

33. Until recently, Plaintiff and other Tow Truck Operators recorded their hours via timesheets.

34. Plaintiff and other Tow Truck Operators were regularly scheduled to work in fourteen to twenty-one-hour shifts.

35. Plaintiff regularly worked hours over 40 each week.

36. Upon information and belief, other Tow Truck Operators also worked hours over 40 each week.

37. Defendant paid Plaintiff 28% of the amount of the cost to the customer for each tow (including mileage pay, wait time, and work time but not including credit card fees and fuel costs).

38. Defendant paid other Tow Truck Operators a set percentage for each tow.

39. Plaintiff and other Tow Truck Operators regularly worked hours which went unrecorded and uncompensated.

40. Defendant required Plaintiff and other Tow Truck Operators to record their shifts as lasting exactly eight hours, even though they were regularly required to work longer than eight hours per shift.

41. Defendant knew or should have known that Plaintiff and other Tow Truck Operators were working hours which went unrecorded and uncompensated.

42. Upon each hiring, Defendant also deducted $100.00 for first 10 paychecks for "damage funds" that were deductibles and were supposed to be returned to Plaintiff.

However, Defendant failed to return the money to Plaintiff, which created additional overtime violations.

43. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated Tow Truck Operators of sufficient overtime compensation for all of the hours worked over forty per week.

44. The net effect of Defendant's practices and policies requiring Plaintiff and other Tow Truck Operators to work off the clock, as described above, is that Defendant intentionally implemented practices to avoid paying wages for all hours worked, and specifically to avoid paying overtime premiums.

45. Defendant made no reasonable efforts to ascertain and comply with applicable law.

46. As a result, Plaintiff and other similarly situated Tow Truck Operators were deprived of overtime premiums guaranteed to them by the FLSA.

47. At all relevant times, Defendant has applied the same pay policies, practices, and procedures to all Tow Truck Operators.

48. Defendant knew or should have known that it was not paying Plaintiff and other Tow Truck Operators sufficient overtime premiums in violation of the FLSA.

49. Defendant has willfully failed to pay overtime premiums to Plaintiff and similarly situated Tow Truck Operators.

### V.    REPRESENTATIVE ACTION ALLEGATIONS

50. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons

similarly situated who were, are, or will be employed by Defendant within the relevant time period, who are entitled to payment of the following types of damages:

A. Overtime wages for all hours worked over forty hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

51. Plaintiff proposes the following collective under the FLSA:

**All Tow Truck Operators within the past three years.**

52. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

53. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

54. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were subject to Defendant's common policy and practice of failing to pay them an overtime premium for hours worked over forty in a week;

B. They were paid in the same or similar manner;

C. They regularly worked over forty hours in a week;

D. They were not allowed to record all of their time; and

E. They had the same or substantially similar job duties and responsibilities.

55. Plaintiff is unable to state the exact number of the collective but believe that the collective exceeds twenty persons.

56. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

57. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

58. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

59. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

61. Defendant misclassified Plaintiff as exempt from the overtime provisions of the FLSA.

62. Defendant deprived Plaintiff of overtime compensation for all of the hours worked over forty per week in violation of the FLSA.

63. Defendant failed to pay Plaintiff for all hours worked.

64. Defendant's conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's

fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

68. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

69. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5 times regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

70. Defendant misclassified Plaintiff and similarly situated employees as exempt from the overtime provisions of the FLSA.

71. Defendant also misclassified other similarly situated employees as exempt from the overtime provisions of the FLSA.

72. Defendant required Plaintiff and similarly situated employees to work in excess of forty hours each week but failed to pay Plaintiff and the similarly situated employees overtime compensation for all of the hours in excess of forty in each workweek.

73. Defendant deprived Plaintiff and other similarly situated employees overtime compensation for all of the hours worked over forty per week in violation of the FLSA.

74. Defendant failed to pay Plaintiff and other similarly situated employees for all hours worked.

75. Defendant's conduct and practice, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

76. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and similarly situated employees as provided by the FLSA, Plaintiff and similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Paul Garrett, individually and on behalf of all others similarly situated, respectfully prays for relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

B.  That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.  A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.  Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.  Judgment for damages for all unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

G.  An order directing Defendant to pay Plaintiff and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PAUL GARRETT, Individually
and on behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com